UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO SALAS BAUTISTA, as guardian and representative of Johandrys Jesus Salas Barboza,

    Plaintiff,

v.                          Case No: 2:22-cv-362-JES-NPM

WALMART STORES EAST, L.P., a Foreign Limited Partnership and JOHN DOE,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for Remand (Doc. #31) filed on August 30, 2022. Plaintiff seeks to remand the case to state court, arguing that diversity of citizenship is defeated because the individual John Doe[1] defendant resides in Florida and committed "active negligence" as a manager/supervisor. (Id., ¶ 4.) Defendant Walmart filed a Response in Opposition (Doc. #32) on September 13, 2022, arguing that the case remains against 'John Doe' and therefore remand is not appropriate based on the "current status of the pleadings." (Id., p. 2.) Defendant also argues that the inclusion of a Florida

---

[1] Plaintiff filed a Motion for Leave to Amend Complaint (Doc. #26) to substitute Franklin Oliver for John Doe, however the motion was denied without prejudice for failure to comply with the Local Rules. (Doc. #28.)

resident is solely for the purpose of defeating diversity jurisdiction and constitutes fraudulent joinder.

I.

On June 10, 2022, defendant filed a Notice of Removal (Doc. #1), pursuant to 28 U.S.C. § 1332, alleging diversity and an amount in controversy in excess of $75,000. (Id., ¶¶ 5, 11.) Defendant stated that "John Doe" is a fictitious party that would not be counted for diversity purposes. Defendant further stated that plaintiff is a citizen of Florida and domiciled in Lee County, Florida, and defendant "corporation" is a citizen of Delaware and Arkansas. (Id., ¶¶ 15-16, 17, 19.) Upon review of the allegations, the Court noted that Walmart Stores is actually a limited partnership and directed defendant to file a supplement. (Doc. #10.) Defendant filed a Supplement to Notice of Removal (Doc. #15) providing the requisite information and the Court issued an Order (Doc. #16) that it was satisfied as to its subject matter jurisdiction.

On August 22, 2022, plaintiff filed a Motion for Leave to Amend Complaint (Doc. #26) and Motion for Remand and Attorney's Fees (Doc. #27). In the motion to amend, plaintiff sought to substitute Franklin Oliver for John Doe, however the motion was denied without prejudice for failure to comply with the Local Rules. (Doc. #28.) Plaintiff did not renew the motion, and the case remains pending against John Doe.

## II.

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." King v. Gov't Emps. Ins. Co., 579 F. App'x 796, 800 (11th Cir. 2014) (citing Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

As an initial matter, the pleadings do not establish the citizenship of John Doe, and therefore the Court cannot determine that complete diversity of citizenship is lacking. Even if the Court were to consider the proposed First Amended Complaint (Doc. #26, p. 16 ¶ 4), the allegation is that defendant Franklin Oliver (the John Doe) is a "resident of Lee County, Florida" and this is insufficient for citizenship purposes.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v.

Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).  The motion to remand will be denied.  As John Doe's citizenship is not considered, the Court need not consider the fraudulent joiner argument.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Remand (Doc. #31) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of September 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record